Eastern District of Kentucky
F I L E D
NOV 3 0 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-171-GWU

ANGELA YOUNG,                          PLAINTIFF,

VS:                  MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Angela Young brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

    1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

    2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

    3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

    4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Young, a 33-year-old former school cafeteria attendant with a high school education, suffered from hypothyroidism, Raynaud's Disease,[1] and depression secondary to marital problems and domestic abuse. (Tr. 20, 25-26). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 25-26). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24-25).

---

[1] A primary or idiopathic vascular disorder characterized by bilateral attacks of Raynaud's phenomenon. Dorland's Illustrated Medical Dictionary (27th Ed. 1988) at page 491. Raynaud's phenomenon is a condition involving intermittent bilateral attacks of ischemia of the fingers, toes, nose or ears marked by severe pallor, paresthesia or pain. The condition is brought about by exposure to cold or emotional stimuli. Dorland's Illustrated Medical Dictionary at 1276.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Gina Baldwin included an exertional limitation to medium level work along with such non-exertional restrictions as (1) a "mild" reduction in the ability to use one's hands for pushing, pulling, and fine manipulation; (2) no ability to use the hands for repetitive motion or repetitive activities as well as an inability to use any machinery on a repetitive basis; (3) a "moderate" reduction in one's ability to concentrate; (4) a limitation to simple tasks; (5) an inability to more than occasionally climb, balance, kneel, crouch, crawl, or stoop; and (6) a limitation to working in only clean environments with no exposure to cold temperatures and no outdoor work. (Tr. 345-346). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 346). Therefore, assuming that the vocational factors considered by Baldwin fairly characterized Young's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The physical factors were essentially compatible with the opinion of Dr. Albert Smolyar, an examining consultant, who indicated that Young could perform at least "moderate" physical activity. (Tr. 218). Dr. Gary Higgason (Tr. 227) and Dr. John Rawlings (Tr. 258, 272), the non-examining medical reviewers, did not believe that the plaintiff suffered from a "severe" physical impairment. No treating or examining source of record, including the staff at Methodist Hospital (Tr. 164-180, 204-215), Dr.

Baretta Casey (Tr. 181-203), Dr. Debra Hall (Tr. 263-267), the staff at the Martin Family Health Center (Tr. 268-271), Dr. Stephen Nutter (Tr. 273-279) and Dr. Haider Abbas (Tr. 283-293), reported the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Young's mental status. Psychologist Wayne Edwards, who examined the plaintiff, reported that "the patient appeared to be able to work eight hours a day, five days a week, without significant psychiatric symptoms . . . " (Tr. 226). Psychologists Stephen Scher (Tr. 228) and Jay Athy (Tr. 243), the non-examining medical reviewers, each opined that the claimant did not suffer from a "severe" mental impairment. The extensive mental factors of the hypothetical question were certainly consistent with these opinions. Therefore, the hypothetical question fairly depicted Young's mental status.

Young's only specific argument is that the ALJ erred in failing to specifically address Exhibit 8E (Tr. 109-116) which contained lay witness evidence from her mother concerning her condition. The plaintiff maintains that this omission was a procedural violation of 20 C.F.R. Section 404.1513(d)(4). The claimant acknowledged the case of Higgs v. Bowen 880 F.2d 860, 864 (6th Cir. 1988) which held that the administration was not required to "spell out" in its decision the weight given to lay witness testimony when the administrative decision stated that the entire record had been considered. However, Young asserts that the administrative regulations were clarified in 2000 to include a clearer statement about consideration of evidence from sources other than those considered "acceptable medical sources." Because of this change, the claimant asserts that Higgs is no longer controlling on this issue. The undersigned does

7

not agree with Young's argument.

The Court notes the Section 404.1513(d)(4) still does not specifically require the ALJ to credit the opinions of lay sources, it only allows them to be taken into consideration. Clearly, this lay evidence is still not entitled to the weight given in the regulation to the opinions of "acceptable medical sources." To the undersigned, the reasoning of Higgs continues to apply despite the change in the regulation. The Court in Higgs stated that:

> the Council's lengthy discussion of the medical evidence makes it clear that it did not credit any testimony at variance with the objective record. That the Court did not explicitly say it would not accept hearing testimony at face value is not reversible error under the circumstances of this case.

Higgs, 880 F.2d at 864.

In the present action, the ALJ indicated that she was taking all evidence into consideration without specifically making reference to Exhibit 8E. (Tr. 23, 25). As previously noted, the medical record did not suggest the existence of totally disabling restrictions and this evidence was extensively discussed by the ALJ who clearly did not intend to adopt opinions at variance with this medical evidence. (Tr. 20-24). Thus, substantial evidence supports the administrative decision. It would appear to the undersigned to be an unnecessary use of administrative resources to remand this action in order to require the ALJ to make a more definitive statement rejecting this lay evidence which is clearly non-binding under the administrative regulations. Therefore, the Court rejects Young's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment nd order will be

8

entered simultaneously consistent with this opinion.

    This the _30_ day of November, 2005.

                                                    G. WIX UNTHANK
                                                  SENIOR JUDGE